UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO: 15-0197** |
| **BLACK ELK ENERGY OFFSHORE OPERATIONS LLC, ET AL** | **SECTION: "H" (4)** |

### ORDER

Before the Court are the United States of America's **Motion and Incorporated Memorandum to Dismiss Material Witness Warrant and Issue a Material Witness Summons (R. Doc. 118)** and **Motion and Incorporate Memorandum to Seal Motion to Dismiss Material Witness Warrant and Issue a Material Witness Summons (R. Doc. 116)**.

I.  **Factual Summary**

On November 16, 2012, a series of explosions occurred on an oil production platform in the Gulf of Mexico known as the West Delta 32 platform. The investigation into the incident culminated in a 12-count Superseding Indictment variously charging several defendants with Involuntary Manslaughter, 18 U.S.C. § 1112, violations of the Outer Continental Shelf Lands Act, 43 U.S.C. § 1350(c)(1), and the Clean Water Act, 33 U.S.C. §§ 1319(c)(1)(A) and 1321(b)(3). The Superseding Indictment was returned on November 19, 2015.

As background, the government's original motion for material witness arrest warrants was for six individuals. The government withdrew that motion because the Court found insufficient probable cause to arrest all six of them. On December 1, 2015, the government submitted a motion for material witness warrants for four of the six individuals, Jovito Canecia, Nick Deguzman, Renato Dominguez, and Paulion Obiemeta, all of whom do not live in the United States and have

returned to the Philippines. R. Doc. 35. The Court granted the Government's motion for material witness warrants for those four individuals. R. Doc. 36.

On January 12, 2016, the government filed the subject motion requesting a "dismissal" of its earlier filed motion which resulted in the issuance of a warrant for Dominguez, who is presently on an airplane headed to the United States. The Court interprets the request as one seeking a partial rescission of the earlier order issued December 1, 2015, directing the U.S. Marshal Service to arrest Dominque upon entry into the United States to secure his availability to testify at trial. Trial was scheduled for February 1, 2016, but according to a recent filing may be continued. *See* R. Doc. 107. The Court notes that although the request is a blanket request to dismiss, the substance of the motion references Dominguez and not Canecia, Deguzman, or Obiemeta, who were also the subject of the order in question.

The government further alleges that in order to avoid Dominguez spending a prolonged period of detention in Marshal's custody before making his appearance in this Court that in lieu of the arrest warrant, the Court should issue a "material witness" summons.

**II.     Legal Standard**

The material witness statute, 18 U.S.C § 3144, provides for the deprivation of liberty under certain circumstances, mainly for the procurement of testimony and only when that testimony cannot be obtained under subpoena. The statute authorizes a federal court to "order the arrest of [a] person" whose testimony "is material in a criminal proceeding . . . if it appears from an affidavit filed by a party that the testimony of a person is material in a criminal proceeding . . . [and] if it is shown that it may become impracticable to secure the presence of the person by subpoena." 18 U.S.C. § 3144.

A showing of impracticability is established when a material witness evades service of a subpoena, disobeys a subpoena, or exhibits an unwillingness to cooperate with the Government.

*See United States v. Feingold*, 416 F.Supp. 627 (E.D.N.Y. 1976). For example, the relationship between the arrest of a material witness and the impracticability to secure the presence of the witness by subpoena was examined by a federal district court in *United States v. Feingold*, 416 F.Supp. 627 (E.D.N.Y. 1976). In *Feingold*, there were seven unsuccessful attempts to serve the witness and his attorney with a subpoena. *Id.* at 629. The court concluded that the unwillingness of the witness to cooperate was sufficient to establish a basis for his detention for the purpose of obtaining trial testimony. *Id.; see also United States v. Coldwell,* 496 F. Supp. 305 (E.D. Okla. 1979)(granting the Government's motion for a material witness arrest warrant and reasoning that it would be impracticable to secure the witness' presence by subpoena)("[T]wo unsuccessful attempts have been made to serve [Plaintiff] with a subpoena through his attorney; . . . [and Plaintiff's] attorney has indicated that [the Plaintiff] has expressed a definite unwillingness to cooperate with the Government.").

### III.    Analysis

Here, Dominguez left the United States and returned to the Philippines. Therefore, the government was not to able serve him with a trial subpoena or procure his testimony by deposition. Presently, the Court has been advised that despite the fact that Dominguez is returning to the United States, it no longer desires to have him arrested and detained to secure his testimony for trial as a material witness. Instead, the government seeks a summons. Considering the subject request, the Court finds that it is appropriate to **REVOKE AND RESCIND** its earlier well-founded order for the reasons assigned above.

The next issue is whether, in lieu of the arrest warrant, the Court should issue a summons to Dominguez to appear in court.  The government concedes that the statutory basis, 18 U.S.C. 3144, does not authorize the undersigned to issue a summons instead of an arrest warrant.  The government alleges that if the Court has the authority under Federal Rule of Criminal Procedure 4

3

to issue a summons upon the filing of a criminal complaint, then it logically follows that the same authority is available for the issuance of a "material witness summons."

The government however fails to present any case law supporting its position. Further, the Court has not been able to locate any case law suggesting that a summons can be issued by the Court to a "material witness." It is this Court's opinion that the government's position that a summons should be issued also belies its earlier suggestion that Dominguez will not cooperate and be available for trial and therefore should be detained. The summons by its very nature relies on the willingness of Dominguez to honor the instruction to appear in court at the date and time indicated which militates against the need for anything more than a trial subpoena.

Additionally, no Court has issued a decision authorizing the issuance of a summons to secure a material witnesses' cooperation for testimonial purposes. The Court therefore finds that the subject request is not well-founded.

## IV.  Conclusion

Accordingly,

**IT IS ORDERED** that the **Motion and Incorporated Memorandum to Dismiss Material Witness Warrant and Issue a Material Witness Summons (R. Doc. 118)** and the **Motion and Incorporate Memorandum to Seal Motion to Dismiss Material Witness Warrant and Issue a Material Witness Summons (R. Doc. 116)** for Renato Dominguez is **GRANTED IN PART AND DENIED IN PART**.

**IT IS GRANTED** to the extent that the Order of December 1, 2015, is hereby **PARTIALLY REVOKED AND RESCINDED** only regarding Dominguez. The Arrest Warrant for Renato Dominguez is **RECALLED**.

**IT IS FURTHER ORDERED** that the **Motion to Issue a Material Witness Summons (R. Doc. 118)** is **DENIED** for the reasons assigned above.

5

**IT IS FURTHER ORDERED** that the Clerk is directed to remove the restrictions from the entry of the **Motion and Incorporated Memorandum to Dismiss Material Witness Warrant and Issue a Material Witness Summons (R. Doc. 118)** and **Motion and Incorporate Memorandum to Seal Motion to Dismiss Material Witness Warrant and Issue a Material Witness Summons (R. Doc. 116)**.

New Orleans, Louisiana, this <u>14th</u> day of January 2016.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE U.S. MARSHAL AND FBI CASE AGENT:**

DECEMBER 1, 2015, ARREST WARRANT
FOR RENATO DOMINGUEZ
IS RECALLED IMMEDIATELY